# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

**Renato Filippi**

   v.                                  Case No. 17-cv-459-PB
                                            Opinion No. 2017 DNH 221

**President of the United States
Of America, et al.**

## MEMORANDUM AND ORDER

Renato Filippi is a Brazilian national facing an order of removal. He has challenged that order in a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. For the reasons that follow, I determine that I do not have subject matter jurisdiction to grant Filippi the relief he seeks.

## I. BACKGROUND

Filippi traveled to the United States in 2002. With the help of a "coyote" (a criminal smuggler), he crossed the Rio Grande River from Mexico into the United States, but he was soon taken into custody by United States immigration agents.

Filippi's case proceeded through administrative proceedings in the immigration court and the court ultimately issued a final

order of removal.  While the case was proceeding in the immigration court, Filippi agreed to help the government by "supplying information concerning the operation of the smuggling organization which had brought him to the United States" and "testi[fying] against its members. . . ."  Doc. 1 at 4.  According to Filippi, government agents told him that, in exchange for his cooperation, he "would be permitted to remain 'forever' in the United States."  Doc. 1 at 4.

Filippi initially remained in immigration detention, subject to a final order of removal.  After eleven months of detention, however, he was released on an "Order of Supervision."  Pursuant to the Order of Supervision, Filippi had to check in with immigration authorities periodically.  He continued to work with government officials to aid in the capture of individuals who smuggled people across the border from 2003 until 2009.

Filippi also obtained employment at a self-storage facility in 2003.  He bought a house, where he lives with his wife, a lawful permanent resident, and his daughter, who is a citizen. He has no criminal history in the United States.

On January 25, 2017, Executive Order 13768 went into effect.  Proclamation No. 13768, 82 Fed. Reg. 8799 (January 25,

2017). The Executive Order states that the department of "Homeland Security shall prioritize for removal" those individuals who "are subject to an order of removal, but who have not yet complied with their legal obligation to depart the United States." Id. at 8800.

On September 3, 2017, Filippi went to United States Immigration and Customs Enforcement (ICE) to check in pursuant to his Order of Supervision. He was told that he must report back to ICE on October 6, 2017 with plane tickets and an itinerary detailing his departure from the United States, and that he must depart by November 6, 2017. Doc. 1 at 9.

Filippi filed his Petition and Complaint in this court on October 2, 2017. He alleges that the removal order cannot be enforced because it is stale, he has not been given an adequate opportunity to challenge the order, he will face persecution and/or torture if the order is enforced, and any attempt to enforce the order will breach the government's promise to allow him to remain in the United States permanently. He asserts a claim based on the Immigration and Nationality Act ("INA") (Count One), a procedural due process claim (Count Two), a habeas corpus claim (Count Three), a claim for injunctive relief (Count Four), a claim for declaratory judgment (Count Five), and

3

a claim for costs and fees (Count Six).

## II.  ARGUMENT

A federal district court may not consider a claim for relief unless Congress has given the court jurisdiction to act. Finley v. United States, 490 U.S. 545, 547-548 (1989).  Filippi argues that the court has both federal question jurisdiction and habeas corpus jurisdiction, but his argument fails to properly account for 8 U.S.C. § 1252, which gives the courts of appeals exclusive jurisdiction over claims that arise from a removal order.

8 U.S.C. § 1252(b)(9) provides in pertinent part that "[e]xcept as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 . . . or by any other provision of law (statutory or nonstatutory), to review [a removal] order . . . ."  8 U.S.C. § 1252(a)(5), further specifies that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."  Read together, these provisions leave no doubt that this court lacks jurisdiction to consider claims that arise from a removal order.

Filippi nevertheless argues that § 1252 does not limit this court's power to consider his claims because he is not attempting to directly challenge the removal order itself.  This argument is foreclosed by the First Circuit's decision in [Aguilar v. United States Immigration & Customs Enforcement Div., 510 F.3d 1, 9 (1st Cir. 2007)](). In Aguilar, the court stated that § 1252(b)(9) "aims to consolidate 'all questions of law and fact' that 'arise from' either an 'action' or a 'proceeding' brought in connection with the removal of an alien." Id. at 9. The court also explained that "[t]he petitioners cannot skirt the statutory channel markers by lumping together a mélange of claims associated with removal, each of which would be jurisdictionally barred if brought alone, and eschewing a direct challenge to any particular removal proceeding." Id. at 9-10.

What Filippi is attempting to do here is precisely what Aguilar prohibits.  Filippi argues in Count One that the removal order cannot be enforced without violating the INA because the order is stale and new evidence will demonstrate that he faces persecution and/or torture if he is returned to Brazil.  He invokes the due process clause in Count Two in arguing that using the removal order to force him to leave the United States without an opportunity to present new evidence is

5

unconstitutional.  He seeks a declaration in Count Five that any attempt to remove him based on the removal order violates the government's enforceable promise to allow him to remain here permanently.  All of the remaining counts seek relief based on similar grounds.  In short, Filippi cannot avoid § 1252 because all of his claims arise from the removal order.[1]

Filippi also makes a half-hearted effort to convince me that § 1252 is inapplicable because it only applies to discretionary decisions and his claims are based on breaches of mandatory legal duties that arise from the INA, the due process clause, and contract law.  This argument falls well wide of the mark because it completely fails to engage with the plain language of § 1252, which bars challenges to removal orders without regard to whether the duty breached is mandatory or discretionary.

In a final attempt to support his claim, Filippi argues that I have the emergency power to grant his request for

---

[1] To the extent that Filippi argues that § 1252 does not apply to his habeas corpus claim because that claim challenges the Order of Supervision rather than the removal order, his argument also fails.  As Filippi's petition makes clear, his only argument that the supervision order is unlawful is that the order cannot stand because it is based on the allegedly stale removal order.  Aguilar does not permit a petitioner to circumvent § 1252 with such arguments.

injunctive relief even if I lack subject matter jurisdiction over his claims. This argument cannot be squared with either the applicable law or the facts of Filippi's case. First, it is simply untrue that a federal court can grant injunctive relief to preserve the status quo even though it lacks subject matter jurisdiction. See Laker Airways Ltd. V. Sabena, Belgian World Airlines, 731 F.2d 909, 921 (D.C. Cir. 1984). ("If there is no justification for the court's exercise of jurisdiction, the injunctive relief should necessarily fail.") In any event, Filippi has an available forum for his claims in the court of appeals, which belies his own contention that an emergency situation exists that permits this court to act on his claims.[2] Accordingly, I cannot grant Filippi relief based on a claim that no other forum exists to consider his challenge to the removal order.

### III. **CONCLUSION**

Congress has given the courts of appeals exclusive

---

[2] Filippi invokes Hamama v. Adducci, 2017 WL 3124331 (E.D. MI 2017) to support his claim. Hamama appears to be based on the premise the plaintiffs in that case did not have a right to seek relief in the court of appeals. Filippi nowhere claims, however, that he cannot present his claims to the court of appeals. Thus, Hamama does not support his argument.

7

jurisdiction to consider the types of claims that Filippi is seeking to raise in this case.  Because this court lacks subject matter jurisdiction, I dismiss Filippi's petition (Doc. No. 1) without prejudice to his right to refile his claims in the Court of Appeals for the First Circuit.  The clerk is directed to enter judgment accordingly.

    SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 16, 2017

cc:   Robert E McDaniel, Esq.
      George Bruno, Esq.
      John J. Farley, Esq.